IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SYLVESTER JACKSON, on behalf of himself
and all others who are similarly situated,

            Plaintiff,            ORDER

    v.                          11-cv-136-slc

GARY H. HAMBLIN, WILLIAM GROSSHANS,
and RANDALL R. HEPP,

            Defendants.

---

Plaintiff Sylvester Jackson, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, he will have to make an initial partial payment of the filing fee. In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly deposits made to plaintiff's account is $7.37, but 20% of the average monthly balance in his account is $27.93. Because the greater of the two amounts is 20% of the average monthly balance, or $27.93, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison

authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $27.93 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

Two additional matters require comment. First, in a letter plaintiff submitted with his complaint, he says that he does not feel safe "based on the actions of certain staff members" at the Jackson Correctional Institution. Although plaintiff has not filed a motion requesting a preliminary injunction, it appears he may be seeking injunctive relief. However, he cannot seek such relief unless he makes his initial partial payment. If in fact plaintiff desires a preliminary injunction, he must pay the $27.93 portion of his filing fee and then he may file a motion requesting such relief. Plaintiff should be aware that this court requires that a party seeking emergency injunctive relief follow specific procedure for obtaining such relief. Those procedures are described in a document titled <u>Procedure To Be Followed on Motions For Injunctive Relief</u>, a copy of which is included with this order. The court will not consider a motion for preliminary injunction unless these procedures are followed.

Next, plaintiff asks this court to send him copies of the complaint and other documents he submitted to the court at the time of filing this action. On this one occasion, I will return a copy of plaintiff's submissions to him with his copy of this order. Plaintiff is reminded that he is to retain a copy of his submissions for his own files. The court does not provide free copies

of documents to litigants, even those who are proceeding *in forma pauperis*. In the future, if plaintiff wants the court to copy documents for him, he will have to pay for the copies at the indigent rate of 10¢ per page.

ORDER

IT IS ORDERED that plaintiff Sylvester Jackson is assessed $27.93 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $27.93 on or before March 17, 2011. If, by March 17, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 25th day of February, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge